W. H. PRICE v. STATE.

No. A-399.    Opinion Filed February 6, 1911.

Appeal from District Court, Murray County; R. McMillan, Judge.

The appellant, W. H. Price, was convicted in the district court of Murray county, and appeals. Affirmed.

J. F. Lockwood, for appellant.

PER CURIAM. This appellant was convicted at the August, 1909, term of the district court of Murray county, on a charge of disposing of mortgaged property. A motion for a new trial and also a motion in arrest of judgment were filed, both of which were overruled and exception saved. The record in this case is in a very unsatisfactory condition. It is hard to get an intelligent idea of appellant's contentions. There is no brief filed for the state nor for the appellant. The appellant has, however, filed a typewritten statement of his contentions in the trial court which is of no value whatever on this appeal.

A careful examination of what purports to be the record in this case discloses that the appellant, sometime in the fall of 1908, purchased a crop from one Singleton; that he borrowed the money from the First National Bank of Davis, Oklahoma, to pay for the same, which amounted to about $360. The crop appears to have consisted wholly of corn, the uncontroverted testimony showing that it amounted to more than a thousand bushels. The appellant disposed of the corn and paid $60 on the note. The record shows that the mortgage was duly executed and filed of record and that the holders thereof never released the same or authorized the sale of the property covered by it.

The indictment charges that the offense was committed in Murray county, Oklahoma, and the proof shows the same. The case was submitted to a jury and, so far as we are able to determine, under fair instructions from the court, and the jury returned a verdict of guilty and assessed the punishment of the appellant at six months in jail. A clear case of disposing of mortgaged property was made against the appellant by the evidence in the court below, even on his own testimony. We think the judgment should be affirmed, and it is so ordered